IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHNNY E. PINGLETON,

              **Petitioner,**

   v.                                    **CIVIL ACTION NO. 2:11cv19**
                                              **(Judge Bailey)**

UNITED STATES OF AMERICA,
TERRY O'BRIEN,

              **Respondents.**


## SUPPLEMENTAL REPORT AND RECOMMENDATION[1]

### I. BACKGROUND

On March 16, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to

28 U.S.C. §2241. The petitioner is a federal inmate housed at USP Hazelton and is challenging the

validity of his conviction imposed in the United States District Court for the Eastern District of

Kentucky. This matter is pending before me for an initial review and Report and Recommendation

pursuant to LR PL P 2.

### II. FACTS

The petitioner was convicted following a jury trial in the United States District Court for the

---

[1]The sole purpose of this "Supplemental" Report and Recommendation ("R&R") is to resend the original R&R to the petitioner at his current place of incarceration in Allenwood, Pennsylvania. The original R&R was sent by certified mail on March 30, 2011, and the return receipt indicates that it was accepted at USP Hazelton on March 31, 2011. On April 7, 2011, the petitioner filed a change of address notification that he left Hazelton on Thursday the 1st and is now incarcerated in Allenwood. It is not clear to the undersigned whether the petitioner transferred from Hazelton on Thursday March 31st, or Friday April 1st. However, in either event, given the plaintiff's departure so close to the date that the R&R was received at USP Hazelton, it would appear only appropriate to resend the R&R to the petitioner's new address and afford him an additional fourteen days to file objections. Aside from this footnote and the date of entry, there have been no changes made to the original R&R.

Eastern District of Kentucky of conspiring to manufacture more than 50 grams of methamphetamine and using a minor to commit a drug offense in violation of 21 U.S.C. §§ 846 861(a)(1). He was also convicted of possessing pseudoephedrine for manufacturing methamphetamine in violation of 21 U.S.C. § 841(c)(2). See 6:04-cr-00065-DCR. The petitioner's subsequent 408 month sentence of imprisonment was affirmed by the Sixth Circuit on February 6, 2007. See United States v. Pingleton, 216 F.App'x 526, 530 (6th Cir. 2007). The Supreme Court then denied the petitioner's petition for writ of certiorari. See Pingleton v. United States, 127 S.Ct. 2447 (2007). Thereadter, on April 22, 22008, the petitioner filed a § 2255 motion which was denied on August 28, 2008. The petitioner now attacks the validity of his conviction via a §2241 petition in which he asserts the following grounds for relief: (1)the amended indictment violated his 5th Amendment rights; (2) Ineffective Assistance of Counsel; and (3) perjury.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under

§ 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective.  In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).  Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, the crime for which the petitioner was convicted remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones.  Therefore, because the petitioner clearly attacks

---

[2]In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion.  28 U.S.C. §2255.

The limitation period shall run from the last of:
a.      The date on which the judgment of conviction becomes final;
b.      The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.      The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. §2255.

the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 4-11-2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE