# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JOHNNY E. PINGLETON,**

      Petitioner,

v.                                                      **CIVIL ACTION NO. 2:11-CV-19**
                                                                  **(BAILEY)**

**UNITED STATES OF AMERICA and**
**TERRY O'BRIEN, Warden,**

      Respondents.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). On March 30, 2011, Magistrate Judge Joel filed his R&R [Doc. 10], which he supplemented on April 11, 2011 [Doc. 14].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days after being served with a copy of the supplemental R&R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner timely filed his objections on April 27, 2011 [Doc. 16]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II.  Factual and Procedural History

At some point before 2007, the petitioner was convicted in the United States District Court for the Eastern District of Kentucky of conspiring to manufacture more than 50 grams of methamphetamine, using a minor to commit the drug offense, and possessing pseudoephedrine for manufacturing methamphetamine. Those convictions were affirmed by the United States Court of Appeals for the Sixth Circuit on February 6, 2007. *See* ***United States v. Pingleton***, 216 Fed.Appx. 526 (6th Cir. 2007). As the court of last resort in his direct appeal, the Supreme Court of the United States denied the petitioner' petition for writ of certiorari on March 21, 2007. *See* ***Pingleton v. United States***, 550 U.S. 965 (2007). Thereafter, the petitioner collaterally attacked his convictions by filing a 28 U.S.C. § 2255 petition in the United States District Court for the Eastern District of Kentucky. The district court denied the petitioner's § 2255 petition on August 28, 2008. *See* ***United States v. Pingleton***, 2008 WL 40-59889 (E.D. Ky. Aug. 28, 2008).

2

On March 16, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] in the United States District Court for the Northern District of West Virginia. The petitioner now attacks the validity of his convictions on three grounds: (1) the amended indictment violated his 5th Amendment rights, (2) ineffective assistance of counsel, and (3) perjury. (Id. at 4-5).

On March 30, 2011, after his initial review, Magistrate Judge Joel filed the instant R&R [Doc. 10], recommending that this Court dismiss the petitioner's § 2241 petition with prejudice. In particular, the magistrate judge determined that the petitioner's claims attack the validity of his convictions and, as such, are more appropriately brought pursuant to a § 2255 petition, unless the petitioner establishes that his § 2255 remedy is inadequate or ineffective. (Id. at 2). However, the magistrate judge refused to find the petitioner's § 2255 remedy inadequate or ineffective because the conduct of which the petitioner was convicted remains a criminal offense. (Id.). Accordingly, the magistrate judge concluded that the petitioner has filed an improper § 2241 petition. (Id.). On April 11, 2011, Magistrate Judge Joel filed a supplemental R&R solely to "resend the original R&R to the petitioner at his current place of incarceration in Allenwood, Pennsylvania." ([Doc. 14] at 1 n.1).

On April 25, 2011, the petitioner filed Objections [Doc. 16] to the instant R&R, as supplemented. Specifically, the petitioner objects to the dismissal of his § 2241 petition and asks "this Court to review all grounds [he] raised and give [him] a ruling on what the evidence and law requires" with regard to his convictions. (Id. at 1).

**III.     Discussion**

In his Objections, the petitioner argues that the challenges to his convictions are

3

properly raised pursuant to 28 U.S.C. § 2241.  Like the magistrate judge, this Court disagrees.

"Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." **In re Vial**, 115 F.3d 1192, 1194 (1997) (citations omitted).  "When, however, § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241." **Id.** (quoting 28 U.S.C. § 2255).  "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . .." **Id.** (citing **Tripati v. Henman**, 843 F.2d 1160, 1162 (9th Cir. 1988); **Garris v. Lindsay**, 794 F.2d 722, 726-27 (D.C. Cir. 1986)).  Instead, "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." **In re Jones**, 226 F.3d 328, 333-34 (4th Cir. 2000).

Applying **Jones** to the instant case, this Court concludes that the petitioner is not entitled to proceed with his § 2241 petition.  Even assuming that the petitioner has satisfied the first and third elements of **Jones**, the conduct of which the petitioner was convicted remains a criminal offense.  Therefore, the petitioner cannot satisfy the second element of

4

*Jones*. Accordingly, this Court must conclude that the petitioner has filed an improper § 2241 petition.

### IV. Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 10]**, as supplemented **[Doc. 14]**, should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report. Further, the petitioner's Objections **[Docs. 11]** are **OVERRULED**. Accordingly, the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 28, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE